# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

KIRK BAXTER, et al., )
)
           Plaintiffs, )
)
v. )    Case No. 19-cv-2179-CM-TJJ
)
CENTRAL RV, INC., et al., )
)
           Defendants. )

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion to Strike Certain Allegations from Plaintiffs' Complaint (ECF No. 6). In their motion, Defendants move pursuant to Fed. R. Civ. P. 12(f) to strike eight paragraphs from Plaintiffs' complaint on the grounds the allegations in those paragraphs are immaterial, impertinent, and/or scandalous, and are needlessly and unduly prejudicial to Defendants. Plaintiffs filed an opposition to the motion but suggest their greatest interest is in being permitted to argue and present evidence at trial in support of the challenged allegations. Upon consideration of the matter, the Court concludes that the motion should be denied.

**I.**    **Background**

On April 5, 2019, Plaintiffs filed their complaint alleging one count of violations of the Kansas Consumer Protection Act and one count of fraud/fraud by silence/fraudulent misrepresentation.[1] In their complaint, Plaintiffs allege they purchased a travel trailer from Defendants that had been declared salvage in another state, and that Defendants knew the salvage history but sold the trailer to Plaintiffs without disclosing that history. Plaintiffs further

---

[1] Complaint, ECF No. 1.

allege that Defendants have engaged in a pattern of unconscionable conduct by concealing the salvage history of travel trailers they sold to other consumers.

On May 8, 2019, Defendants filed a joint answer.[2] Later that day, they filed their motion to strike and a memorandum in support,[3] seeking to strike certain allegations in Plaintiffs' complaint on the grounds they violate Rule 12(f). Defendants address the offending allegations in three groups.

First, Defendants object that paragraphs 1 and 2 of Plaintiffs' complaint are irrelevant and impertinent to the issue in this case and inherently and severely prejudicial to Defendants. Paragraph 1 of Plaintiffs' complaint alleges that "[f]or years, Central RV, Inc. has abused the laws of the state of Kansas in order to wash salvaged titles and re-sell them to unsuspecting customers." Paragraph 2 alleges that "[i]n fact, Central RV's pattern and practice of washing titles in the state of Kansas in order to pass them off to consumers without a 'salvage' brand led the Kansas legislature to amend existing laws in 2016 to specifically address this issue."

Second, Defendants object that paragraphs 15 and 17 of Plaintiffs' complaint are prejudicial, irrelevant, immaterial, and would be inadmissible hearsay. Paragraph 15 alleges as follows:

> On or about January 22, 2016, Central RV applied for a Kansas title, knowing that at the time Kansas could not issue a title with a salvage (or previously salvage) brand. Central RV knew that the Kansas title would come back washed clean of the prior salvage brand.

---

[2] Answer, ECF No. 5. Although Defendants titled it as an amended answer, the docket shows it to be the only one filed.

[3] ECF Nos. 6, 7.

And Paragraph 17 alleges as follows:

> This is not because no brand was merited—it surely was—but because Kansas law at the time did not permit the Kansas Department of Revenue to issue the applicable salvage/previously salvage brand for travel trailers such as the Key Largo. That law has since been changed, at least in part *because of* Central RV.

Finally, Defendants contend that Paragraphs 35, 36, 38 and 39 contain irrelevant, impertinent, scandalous and severely prejudicial allegations. Those paragraphs appear in a section of the complaint titled "Pattern and Practice." In Paragraph 35, Plaintiffs allege that Defendants have a history of concealing the salvage history of travel trailers. Providing an example of that allegation, Paragraph 36 states that "[f]or instance, in *Todd Morgan v. Central RV, Inc.* (D. Kan. 17-2300-JPO), the jury unanimously found Central RV to have committed virtually identical acts and claims as are alleged here (specifically, KCPA and fraud by silence). That jury also unanimously found punitive damages were merited." Plaintiffs assert in Paragraph 38 that "[u]pon information and belief, Defendants concealed the salvage history of travel trailers from dozens, if not hundreds, of other consumers dating back to at least 2013." In Paragraph 39, Plaintiffs allege that "the Kansas Attorney General has recently brought suit against Central RV (and/or Nick Ford) for essentially identical conduct."

## II. Legal Standards

Federal Rule of Civil Procedure 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."[4] Motions to strike generally are disfavored.[5] For that reason, a court "should decline to strike material from a pleading unless that material has no possible relation to the controversy

---

[4] Fed. R. Civ. P. 12(f).

[5] *Nwakpuda v. Falley's, Inc.*, 14 F. Supp. 2d 1213, 1215 (D. Kan. 1998).

and may prejudice the opposing party."[6] If the record suggests any doubt whether under any contingency a challenged matter may raise an issue, the court should deny the motion, and evidentiary facts that help give a full understanding of the complaint as a whole need not be stricken.[7] The decision to grant a motion to strike is within the court's discretion.[8]

Rule 12 also addresses timing, directing that a motion to strike must precede the answer.[9]

### III. Analysis

Defendants filed the instant motion after they filed their answer, which makes it untimely under Rule 12(f)(2). The briefs do not address this issue. The Court will not decide the motion on that basis, however, as the time span between filings was only a few hours and Plaintiffs do not raise it.

Defendants assert some or all of the eight paragraphs at issue contain impertinent, immaterial, or scandalous matter.[10] "Impertinent matter consists of statements that do not

---

[6] *Falley v. Friends Univ.*, 787 F. Supp. 2d 1255, 1257 (D. Kan. 2011) quoting *Wilhelm v. TLC Lawn Care, Inc.*, No. 07-2465, 2008 WL 474265, at *2 (D. Kan. Feb. 19, 2008)).

[7] *Nwakpuda*, 14 F. Supp. 2d at 1215-16 (citing 2A Moore's Federal Practice ¶ 12.21[2] n. 4 (J. Moore, J. Lucas & G. Grotheer 2d ed.1990)).

[8] *Dolezal v. Starr Homes, LLC*, No. 2:18-CV-02524, 2019 WL 587959, at *1 (D. Kan. Feb. 13, 2019).

[9] "The court may act . . . on motion made by a party . . . before responding to the pleading." Fed. R. Civ P. 12(f)(2).

[10] Defendants also argue that certain allegations should be stricken because they are inadmissible hearsay. The Court does not consider this objection because it is not a basis upon which Rule 12(f) permits striking matter from a pleading. *See Dolezal*, 2019 WL 587959, at *2 ("[H]earsay is a statement that 'a party offers in evidence.' As Defendants have not attempted to enter this statement into evidence, a hearsay objection [in a motion to strike] is improper.") (internal citation omitted).

pertain, and are not necessary, to the issues in question."[11] For purposes of ruling on a motion to strike, "immaterial" matter is defined as that which has no essential or important relationship to the claim for relief, or a statement of unnecessary particulars in connection with that which is material.[12] However, immateriality "is not enough to trigger the drastic remedy of striking parts of a pleading; the allegation must also be prejudicial to the defendant."[13]

Allegations should be stricken as scandalous "only if they are irrelevant and 'degrade defendants' moral character, contain repulsive language, or detract from the dignity of the court.'"[14]

Although Plaintiffs assert they are ambivalent about the Court's ruling on this motion, they seek assurance that if the motion is granted, it will not preclude them from arguing and introducing evidence at trial or from seeking punitive damages. Realizing they cannot presume what preclusive effect a ruling may or may not have, Plaintiffs articulate their opposition to the motion.

Having reviewed the eight paragraphs at issue and the parties' arguments, the Court finds that none of the paragraphs contain allegations that are impertinent, immaterial, scandalous, or prejudicial to Defendants to a degree that warrants striking. While Defendants use the language

---

[11] *Case By and Through Case v. Unified Sch. Dist. No. 233, Johnson County, Kan.*, CIV.A. 94-2100-GTV, 1994 WL 479087, at *1 (D. Kan. Aug. 16, 1994) (quoting 5 Charles A Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1382, at 711 (1990)).

[12] *Dean v. Gillette,* No. 04-2100-JWL-DJW, 2004 WL 3202867, at *1 (D. Kan. June 8, 2004) (citations omitted).

[13] *Id.*

[14] *Id.* (relevant allegations will not be stricken as scandalous unless they satisfy the quoted criteria and go into unnecessary detail).

of Rule 12(f) (*e.g.*, impertinent, scandalous, and immaterial), their actual argument is quite limited.  In large part, Defendants posit that allegations unrelated to the factual details of the sale of the trailer to Plaintiff should be stricken.  The Court rejects that argument.

Plaintiffs assert two counts in their complaint.  The first is that Defendants violated the Kansas Consumer Protection Act by, among other things, participating in unconscionable acts and practices including "[e]ngaging in a pattern of conduct which, when taken in its totality, is and was unconscionable," in violation of K.S.A. 50-626(a) and 50-627(a).[15]  Plaintiffs assert Defendants' conduct entitles them to statutory punitive damages.[16]  The allegations at issue are clearly relevant to Plaintiffs' claims.  Although unflattering, they are not scandalous.  The allegations are both pertinent and material to Plaintiffs' complaint.  Keeping in mind the standard that material should not be stricken from a pleading unless it has no possible relation to the controversy and may prejudice the opposing party,[17] the Court denies the motion.

IT IS THEREFORE ORDERED that Defendants' Motion to Strike Certain Allegations from Plaintiffs' Complaint (ECF No. 6) is DENIED.

Dated this 10th day of June, 2019, at Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge

---

[15] ECF No. 1 ¶¶47e, 48e.

[16] *See* K.S.A. 50-679.

[17] *Falley*, 787 F. Supp. 2d at 1257.  The Court also does not find convincing Defendants' allegations of prejudice, most of which are conclusory.